### AMERICAN LEGION COMMUNITY CLUB OF COCONUT GROVE, Inc. v. TAX ASSESSOR, et al.

No. 69-20840.

Circuit Court, Dade County.

March 13, 1970.

Rohan & Costello, Miami, for plaintiff.

Thomas C. Britton, County Attorney, Stuart Simon, Assistant County Attorney, for defendants.

JAMES W. KEHOE, Circuit Judge.

*Order on motion for judgment on pleadings:* This cause came on to be heard and considered by the court on the complaint, the answer and the defendants' motion for judgment on the pleadings. The pleadings and the argument of counsel made clear that there

were no pertinent factual matters in controversy and that the issues involved in the case were wholly legal in nature. The pleadings indicate that the plaintiff American Legion Post owns certain premises in Coconut Grove which it uses as its clubhouse and for its administrative offices. Approximately ten per cent of the real property owned by the plaintiff is rented out on a commercial basis to a travel agency, and the rental proceeds so obtained placed in the Legion treasury and expended for Legion purposes. The county assessed the total value of the property owned by the plaintiff for 1969 ad valorem tax purposes $93,150, of which it exempted 80 per cent and assessed 20 per cent or $18,630. In its complaint the Legion Post sought total exemption for 1969. The county and its taxing officials answered the complaint and therein admitted error in assessing 20 per cent of the value of the premises when only 10 per cent of the premises were leased out for commercial purposes. The defendants indicated in their answer that they believed that only ten per cent of the value of the premises should have been assessed and taxed in 1969 and prayed the court for an order sustaining the assessment on 10 per cent of the value of the premises or on an amount of $9,315. The defendants then moved for judgment on the pleadings. Based on the foregoing facts which are admitted or conceded by both parties, the court hereby orders and adjudges as follows —

The defendants' motion for judgment on the pleadings is granted, and the 1969 assessment on a value of $9,315 is held correct, proper and valid by the court.

The county's position is well founded because of the provisions of §192.06(8), Florida Statutes, which limits the exemption to be given American Legion posts to property owned and used solely as a clubhouse or home. When the county assessed that portion of the Legion property not used as a clubhouse but rented out on a commercial basis, it appears to the court to have interpreted the governing statute in a manner most favorable to the plaintiff.

The Legion argues in the alternative that it is entitled to retain exempt status by virtue of §192.06(3), Florida Statutes, which permits charitable and other organizations to retain their exemptions while leasing out up to 75 per cent of their premises. The defendant assessor, however, did not cancel the Legion Post's exemption in this case because 10 per cent of the property had been leased out and used for commercial purposes. He allowed the exemption on that portion of the property used by the Legion Post as its clubhouse or home to remain, and assessed only that 10 per cent leased out for profit-making purposes in accordance with §192.62(1), Florida Statutes.

It appears to the court that the plaintiff Legion Post instituted this action in good faith and should not be subjected to the high interest rate imposed by §193.52, Florida Statutes, but by the legal rate of interest as set forth in §687.01, Florida Statutes.